UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81136-CIV-MARRA

ORESTES MARIO ALFONSO,

      Plaintiff,

vs.

RESIDENTIAL CREDIT SOLUTIONS, INC.,

      Defendant.

_____/

**ORDER**

This cause is before the Court upon Defendant Residential Credit Solutions, Inc.'s

Motion to Dismiss Plaintiff's Complaint (DE 10).  The Motion is fully briefed and ripe for

review.  The Court has carefully considered the Motion and is otherwise fully advised in the

premises.

I.  Background

Plaintiff Orestes Mario Alfonso ("Plaintiff") has filed a Complaint alleging violations of

the Fair Debt Collections Practices Act ("FDCPA") (counts one and two); the Fair Credit

Reporting Act ("FCRA") (counts three and four); the Florida Consumer Collection Practices Act

("FCCPA") (count five); intentional infliction of emotional distress (count six) and common law

defamation (count seven) against Defendant Residential Credit Solutions, Inc. ("Defendant").

The Complaint alleges the following:

Defendant is a corporate entity responsible for attempting to collect and report a

consumer debt from Plaintiff. (Compl. ¶ ¶ 6, 8.)  On April 23, 2013, the parties entered into a

Consent Judgment to resolve a residential mortgage foreclosure action filed by Defendant against

Plaintiff in the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida. (Compl. ¶ 4.)   Prior to entering the consent judgment, Plaintiff vacated the property and a tenant remained in the property and provided rent payments to the Home Owner's Association ("HOA").   In the interim of the foreclosure action, the HOA foreclosed on the property, which was sold to a third-party purchaser, Nermine Hanna in April of 2012.  In May of 2013, Hanna filed for bankruptcy protection.  Defendant falsely reported to consumer reporting agencies that Plaintiff had filed for bankruptcy. (Compl. ¶ 10.)  Despite the HOA foreclosure, Defendant's mortgage lien remained on the property and Defendant proceeded with the foreclosure action in April of 2013. (Compl. ¶ 11.)

Pursuant to the Consent Judgment, Plaintiff agreed not to contest the foreclosure of his home in exchange for Defendant waiving its right to seek or collect any deficient amounts against Plaintiff.  (Compl. ¶¶ 12-13.)  The proceeds from the foreclosure did not fully satisfy the amounts owed to Defendant. (Compl. ¶ 15.)  Defendant has reported the deficient amounts to all three consumer reporting agencies and sent monthly invoices and communications to Plaintiff. (Compl. ¶¶ 16-17.)  This reporting has had a detrimental effect on Plaintiff's financial and business opportunities. (Compl. ¶¶ 21-24.) Plaintiff retained counsel who contacted Defendant on his behalf, but Defendant has continued to contact Plaintiff instead of counsel. (Compl. ¶ 19.)

Defendant moves to dismiss on the following grounds: (1) the Complaint fails to allege Defendant qualifies as a debt collector under the FDCPA; (2) Defendant is not a debt collector because the debt originates with Defendant; (3) Defendant has not engaged in any prohibited activities under the FDCPA; (4) the Complaint fails to state a plausible claim for FCCPA violations and (5) the defamation claim is pre-empted by FCRA.

2

In response, Plaintiff states that the Complaint has adequately alleged Defendant is a debt collector, the debt did not originate with Defendant and Defendant engaged in activities prohibited by FDCPA.  With respect to the defamation claim, Plaintiff contends that it is plausible for him to show that Defendant provided false information with a malicious or willful intent.[1]

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion

---

[1] Plaintiff agrees that the FCRA claims should be dismissed with leave to amend and that the intentional infliction of emotional distress claim can dismissed with prejudice.

3

to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

### A.  FDCPA Claims

The Court begins its analysis by setting forth the elements of a prima case for a violation of the FDCPA. In order to prevail on a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  Terrell v. DIRECTTV, LLC, No. 12–81244–CIV, 2013 WL 3810619, at * 3 (S.D. Fla. July 22, 2013); Sans v. Fernandez, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009); Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).  A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  The FDCPA excludes from this definition any person attempting to collect a debt "which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F).  "A debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."  Eke v. FirstBank Florida, 779 F. Supp .2d 1354, 1357 (S.D. Fla. 2011) (quoting Belin v. Litton Loan Servicing, LP, No. 8:06–cv–760–T–24 EAJ, 2006 WL 19910, at *2 (M.D. Fla. Jul.14, 2006)); Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1114

(M.D. Fla. 2013).

Here, the Complaint merely states that Defendant is a "debt collector." (Compl. ¶ 6.) The Complaint does not allege that Defendant's principal purpose is the collection of any debts. Furthermore, in response to the Motion, Plaintiff argues that Defendant was "substituted as a party plaintiff in the middle of a mortgage foreclosure action" and the debt "was certainly in default at that time." (Resp. at 5.)  The Court, however, cannot consider arguments made in response to the motion to dismiss.[2]  The allegations must be contained in the Complaint.  See Valdes v. Fisher Safety, No. 12–60034–CIV, 2012 WL 1405685, at * 2 (S.D. Fla. Apr. 23, 2012) (citing St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).  The Court will allow Plaintiff leave to amend to correct this pleading deficiency.

Next, Defendant contends the Complaint has not alleged it engaged in any prohibited activities.  Instead, the Complaint only alleges Defendant sent monthly invoices and communications and does not provide the dates of these invoices or attach them to the Complaint.  While Plaintiff is not required to attach the invoices to the Complaint, he must allege how the content of the invoices violates the FDCPA.  A monthly invoice could be nothing more than an attempt to communicate information or it could be a demand for payment.  See Helman v. Udren Law Offices, P.C., 85 F. Supp. 3d 1319, 1327 (S.D. Fla. 2014) (monthly statements were for informational purposes and were not an attempt to collect debt).  Plaintiff must amend the Complaint to allege the content of the communications.

---

[2] Plaintiff also refers to matters outside of the pleadings in opposing Defendant's contention that the debt originated with it and therefore is excluded under the FDCPA.  Again, the Court cannot consider matters outside of the Complaint in resolving a motion to dismiss.

In terms of the date, the Court agrees that, upon amendment of the Complaint, Plaintiff should supply the date of the communications, given the requirement that a claim pursuant to FDCPA must be brought within one year from the date on which the violation occurs.  15 U.S.C. § 1692k(d).  Lastly, Defendant contends that the Complaint fails to state a violation of 15 U.S.C. § 1692c(a)(2) because it does not plead that Defendant had actual knowledge that Plaintiff was represented by counsel.  The Court disagrees.  The Complaint alleges that Defendant sent communications to Plaintiff's attorney's office, which shows knowledge that Plaintiff had retained counsel.  (Compl. ¶ 18.)  At the pleading stage, this allegation adequately alleges a violation of 15 U.S.C. § 1692c(a)(2).  See Erickson v. General Elec. Co., 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012) ("actual knowledge is an element necessary to prove violations of FDCPA § 1692c(a)(2)").

For these reasons, the motion to dismiss the FDCPA claim is granted in part and denied in part.[3]  Plaintiff is given leave to amend.

B.  Defamation Claim

Defendant moves to dismiss the common law defamation claim on the basis that it is pre-empted by FCRA.  The FCRA provides that no consumer may bring a defamation action related to the reporting of consumer information "except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).  Plaintiff argues that "[i]t is plausible that Plaintiff can bring this claim within the preemption exemption." (Resp. at 8.)  The

---

[3] The FCCPA is the "Florida state analogue to the federal FDCPA." Oppenheim v. I.C. System, Inc., 627 F.3d 833, 836 (11th Cir. 2010).  Courts analyze the FDPCA and FCCPA together. Rodriguez v. Seterus, Inc., No. 15-61253-CIV, 2015 WL 5677182, at *4 (S.D. Fla. Sept. 28, 2015).  As such, the motion to dismiss the FCCPA is granted in part and denied in part as well.

Complaint, however, does not contain allegations that demonstrate malice or willful intention to injure.  See Beuster v. Equifax Information Svcs., 435 F. Supp. 2d 471, 480 (D. Md. 2006) (malice established when the plaintiff disputed the account and the bank was unable to find his credit application but the bank continued to represent that the plaintiff owned the account).  At best, the Complaint alleges that the alleged false reports merely had a detrimental effect on Plaintiff. (Compl. ¶ ¶ 21-24.)  The Court will permit Plaintiff to amend this claim, if he can do so in good faith and subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Residential Credit Solutions, Inc.'s Motion to Dismiss Plaintiff's Complaint (DE 10) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is given leave to amend the claims pursuant to the FDCPA, the FCCPA, the FCRA and the common law defamation claim **within 14 days of the date of entry of this Order**.  The intentional infliction of emotional distress claim is dismissed with prejudice.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of February, 2016.

_____
KENNETH A. MARRA
United States District Judge